### RYAN v. SWARTWOUT.

(Supreme Court, Appellate Term.   June 22, 1903.)

**1. APPEAL—FINDINGS OF FACT—REVIEW.**
   Findings for plaintiff on the question whether defendant requested him to do work, and promised to pay for it, will not be disturbed on appeal; the parties contradicting each other, and there being against defendant the statement of one or more witnesses, and some corroborative incidents, though plaintiff was contradicted by one of his witnesses, and was confronted with a misstatement in his petition to sue in forma pauperis, the order for which was then vacated.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph A. Ryan against Frank G. Swartwout.   From a judgment for plaintiff, defendant appeals.   Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

James C. Bushby, for appellant.
Edward A. Scott, for respondent.

MacLEAN, J.   The plaintiff brought this action for work done by himself and others, as assignors, upon premises not belonging to the

defendant. A large portion of the claim was eliminated as objectionable under the statute of frauds, the learned justice deciding to submit to the jury only whether the defendant had on a certain day (the 27th of September, 1902) requested the doing of the work, and promised to pay therefor, and the value of such work, if any. Both parties testified, and each contradicted the other. As against the defendant, however, there were the statements of one or more other witnesses, and also some corroborative incidents in evidence. On the other hand, it is a fact that the plaintiff was straightly contradicted by one of his own witnesses, and was also confronted with a misstatement in his petition to sue in forma pauperis, the order for which was vacated then and there upon the trial. Sorry as was the evidence, it may not be said that the jury might not give credence to it, and the judgment must stand, except as to two items—one, $79.30, a sum loaned to the supposed owner of the premises, and another, $26.55, for services rendered prior to September 27th, aggregating together $105.85, reducing the judgment to $164.92.

The judgment appealed from modified by its reduction to $164.92, and, as so modified, affirmed, without costs. All concur.